IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JENNIFER GERMANO, an individual

    Plaintiff(s),

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

    Defendant(s).

## COMPLAINT WITH JURY DEMAND

Plaintiff, Jennifer Germano, who appears individually, hereby respectfully files this action against Defendant Cherry Creek School District No. 5 ("District" or "Defendant"), through the undersigned counsel of record Kishinevsky & Raykin, and states on information and belief as follows. This action seeks appropriate damages and costs.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

2. Plaintiff Jennifer Germano ("Ms. Germano" or "Plaintiff") is a resident of Colorado.

3. Defendant is a school district located in Arapahoe County, Colorado.

4. The wrongful acts alleged by Plaintiff occurred in Colorado.

5. Venue is proper in this court under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Ms. Germano was first hired by the District in 2015 and assigned to a position in the Marvin W. Foote Youth Service Center ("Foote Center"), a youth detention center.

1

7. During Ms. Germano's eployment with the District, she repeatedly complained of sex-based discrimination in the District's programs.

8. In August 2016, Ms. Germano complained, both verbally, and in writing, to her supervisors regarding harassment from a security guard.

9. The security guard verbally harassed Ms. Germano over the course of several days in August 2016.

10. On August 26, 2016, the security guard trapped Ms. Germano in her classroom by blocking the doorway.

11. The security guard was a competitive bodybuilder and at least twice Ms. Germano's size and weight.

12. Ms. Germano filed a complaint of sex-discrimination with District administration.

13. The District failed to promptly or effectively take action to prevent the security guard from entering into her proximity in the Foote Center educational unit for the 2016-2017 school year.

14. The District did not launch an investigation into Ms. Germano's sex-discrimination complaint.

15. Ms. Germano continued to bring her concerns to District administration.

16. During a follow-up meeting, Ms. Germano's continuing complaints were an agenda item. Mr. Tony Poole ("Mr. Poole"), the District Executive Director, referred to a female Human Resources Administrator as a "fucking bitch."

17. Ms. Germano also suffered sex-discrimination and harassment creating a sexually hostile work environment in the fall of the 2017-2018 school year.

18. During the fall of the 2017-2018 school year, Ms. Germano faced multiple incidents of a male students using sexually inappropriate language towards her. For example, male students openly used sexually offensive terms like "pussy" in front of Ms. Germano. Additionally, male students "humped" objects like chairs and desks in front of Ms. Germano.

19. Ms. Germano was also subjected to serious, violent death threats from a male student.

20. Ms. Germano complained of the sexually hostile work environment created by the sexually inappropriate conduct of male students numerous times, both verbally and in writing to her supervisors in the District.

21. The District failed to adequately respond to the sexually hostile work environment that Ms. Germano complained of.

22. For example, the District failed to adequately and appropriately implement a safety plan to protect Ms. Germano from the student who made a serious, violent death threat to her and failed to investigate the safety plan's failure.

23. At the end of the 2017-2018 school year, Ms. Germano's contract was not renewed.

24. Following the non-renewal of Ms. Germano's contract, Ms. Germano sought to secure another teaching assignment within the District.

25. Ms. Germano was told by Mr. Poole and Foote Center Principal Rob McLelland ("Mr. McLelland") that she would be supported in finding a position with the District.

26. Despite these representations from Mr. Poole and Mr. McLelland, Ms. Germano was not considered for future employment with the District.

27. Ms. Germano applied to numerous positions within the District during the 2018-2019 school year.

28. During the Spring and Summer of 2018, Ms. Germano applied for 32 separate positions.

29. Ms. Germano was well-qualified for the positions she applied for.

30. On information and belief, Ms. Germano was better qualified than the candidates selected for the open positions she applied for.

31. Despite applying for 32 positions, Ms. Germano was selected for only two interview opportunities.

32. Ms. Germano was not re-hired by the District.

33. On information and belief, none of the candidates selected for positions to which Ms. Germano applied had complained of sex discrimination in the District's programs.

34. Between March 10, 2019 and June 29, 2019, Ms. Germano applied for an additional 12 separate positions in the District.

35. Ms. Germano was well-qualified for the positions she applied for.

36. On information and belief, Ms. Germano was better qualified than the candidates selected for the open positions she applied for.

37. Ms. German was not invited to interview for any of the 12 positions she applied for between March 10, 2019 and June 29, 2019.

38. Ms. Germano was not re-hired by the District.

39. On information and belief, none of the candidates selected for positions to which Ms. Germano applied had complained of sex discrimination in the District's programs.

40. The District's failure to consider Ms. Germano for future employment and failure to rehire Ms. Germano was because Ms. Germano engaged in protected activity by repeatedly raising concerns about sex discrimination and a sexually hostile work environment in the District.

41. Ms. Germano has exhausted her administrative remedies by filing a charge of discrimination with the EEOC and receiving a right to sue letter.

42. Ms. Germano received a right to sue letter from the EEOC on June 1, 2021, and this Complaint is timely filed within 90 days of receipt of the right to sue letter.

## CLAIMS AND CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF – VIOLATION OF TITLE VII RETALIATION

43. Plaintiff reincorporates all other paragraphs as if fully set forth herein.

44. Ms. Germano engaged in protected activity on multiple occasions by complaining of sexual harassment and sex discrimination within the District's programs.

45. Ms. Germano complained of sex discrimination both verbally and in writing.

46. The District's failure to consider Ms. Germano for future employment and failure to rehire Ms. Germano were adverse employment actions.

47. The District's failure to consider Ms. Germano for future employment and failure to rehire Ms. Germano was because of her protected activity complaining of sex discrimination in the District's programs.

48. The District retaliated against Ms. Germano for her protected activity.

49. The District's retaliation in violation of Title VII caused Ms. Germano damages, including but not limited to psychological, emotional, and reputational damages in addition to economic damages and the loss of educational and career opportunities, retirement benefits, and attorney fees and costs in this action.

## DAMAGES

50. The Defendants' retaliatory conduct alleged hereinabove has caused the Plaintiff the following damages:

    a. Lost pay, future wages, reduced wages, and benefits in amounts to be established at trial;

    b. Emotional upset, stress, and anxiety in an amount to be established at trial;

    c. Out-of-pocket expenses, litigation costs, and attorney fees in amounts to be established at trial.

## REQUEST FOR RELIEF

Plaintiff requests that the court enter judgment in her favor and against Defendant as follows:

51. Awarding the Plaintiff's special damages for front lost wages, benefits, and out-of-pocket expenses in amounts to be established at trial;

52. Awarding the Plaintiff general damages for emotional distress in an amount to be established at trial;

53. Punitive damages, pursuant to 42 U.S.C. § 1981, 2000(e), in the maximum amount permitted by law;

54. Awarding the Plaintiff statutory and reasonable attorney fees, litigation expenses, and costs incurred in this action;

55. Awarding Plaintiff pre-judgment interest; and

56. Awarding the Plaintiff any additional and further relief that the court finds equitable, appropriate, or just.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE**

*s/ Igor Raykin*
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150

Aurora, CO 80014
Telephone: (720) 767-1846
E-mail: igor@coloradolawteam.com
Attorney for Plaintiff


*s/ Michael Nolt*
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-588-9713
michael@coloradolawteam.com
Attorney for Plaintiff